## 1284 Plaza, LLC v Edri

2024 NY Slip Op 33792(U)

October 21, 2024

Supreme Court, New York County

Docket Number: Index No. 654540/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ARLENE P. BLUTH                                PART                    14

                                                    *Justice*

--------------------------------------------------------------------X

1284 PLAZA, LLC,

|  |  |
|---|---|
| INDEX NO. | 654540/2022 |
| MOTION DATE | 10/15/2024 |
| MOTION SEQ. NO. | 002 |

                                            Plaintiff,

                      - v -

AVRAHAM R. EDRI, CAROLINE RACHEL EDRI GAST,
MOSHE COHEN, SEMEN BABADZHANOV, MICHAEL
EVRONI

**DECISION + ORDER ON
MOTION**

                                            Defendants.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                                    JUDGMENT – SUMMARY                        .

Plaintiff's motion for summary judgment is granted without opposition in part as described below.

**Background**

In this landlord/tenant matter, plaintiff seeks a judgment for $161,727.65 against defendants. Defendants Edri and Gast were parties to the lease while the remaining defendants were guarantors. The Court grants plaintiff's motion (which is without opposition) with respect to the $161,727.65 sought by plaintiff (which is based on a ledger [NYSCEF Doc. No. 4]) as to all defendants jointly and severally except for defendant Semen Babadzhanov. The claims against that defendant are severed and dismissed for two reasons.

First, the Court did not see an affidavit of service for that defendant on NYSCEF and the time to serve that defendant has long passed (CPLR 306-b). Second, if Babadzhanov was timely served (and plaintiff simply forgot to upload an affidavit of service), plaintiff failed to move for a

**654540/2022   1284 PLAZA, LLC vs. EDRI, AVRAHAM R. ET AL**
**Motion No.  002**

**Page 1 of 4**

[* 1]

default judgment within a year of that defendant's default (CPLR 3215[c]). The Court observes that it previously granted a motion for a default judgment as against defendants Cohen and Evroni (NYSCEF Doc. No. 21), but plaintiff did not move for relief against defendant Babadzhanov.

The Court also observes that plaintiff seeks interest at the contractual rate of 25% from January 2019. The Court is unable to grant that request. It is axiomatic that the maximum interest rate in civil transactions is 16% (*see Blue Wolf Capital Fund II, L.P. v Am. Stevedoring Inc.,* 105 AD3d 178, 182, 961 NYS2d 86 [1st Dept 2013]). Therefore, the Court, in its discretion, awards the standard interest rate in the CPLR of 9%. The Court is also unable to award interest from the plaintiff's requested date in January 2019 as that is when defendants began failing to make payments according to the ledger (NYSCEF Doc. No. 4). The better course is to award interest from a reasonable midpoint as the damages accrued over time (*MUFG Union Bank, N.A. v Axos Bank*, 225 AD3d 545, 547, 206 NYS3d 72 [1st Dept 2024]). Therefore, interest is to accrue from December 17, 2020, a reasonable midpoint of the ledger.

Next, the Court must consider plaintiff's request for legal fees. Plaintiff points to paragraph 19 of the lease for the proposition that it is entitled to legal fees. The only mention of attorneys' fees in this provision is in section D, which provides:

> "If the Lease is ended or Landlord takes back the Premises, rent and added rent for the unexpired term becomes due and payable. Landlord may re-rent the Premises and anything in it for any Term. Landlord may re-rent for a lower rent and give allowances to the new tenant. Tenant shall be responsible for Landlord's cost of re-renting. Landlord's cost shall include the cost of repairs, decorations, broker's fees, attorney's fees, advertising and preparation for renting. Tenant shall continue to be responsible for rent, expenses, damages and losses. Any rent received from the re-renting shall be applied to the reduction of money Tenant owes. Tenant waives all rights to return to the Premises after possession is given to the Landlord by a Court" (NYSCEF Doc. No. 2, ¶ 19[D]).

**654540/2022   1284 PLAZA, LLC vs. EDRI, AVRAHAM R. ET AL**
**Motion No. 002**

**Page 2 of 4**

[* 2]

Unfortunately, the above provision does not suggest that plaintiff is entitled to recover legal fees for the cost of bringing this lawsuit. A fair reading contends it permits plaintiff to seek legal fees incurred in the process of re-renting the unit. And plaintiff did not meet its burden on this motion to recover such fees as no time sheets or other evidence was submitted to show that any legal fees were incurred in the re-renting of the unit. Therefore, the request for legal fees is denied.

And, finally, the Court must consider the request for "the amount of not less than $150,000.00, for the Defendants' unauthorized and illegal alterations performed to Plaintiff's property, and the damages caused thereto, by way of Defendants' blatant violation of the terms of the Lease." The Court denies this request. A review of the complaint does not reveal any allegations about these unauthorized or illegal alterations. Rather, the complaint appears to focus solely on the failure to pay rent and additional rent. It is this Court's view that a complaint must give defendants fair notice of the allegations raised against them and the aforementioned complaint does not raise an inference that plaintiff might seek at least $150,000 for illegal alterations.

Moreover, the assertion that plaintiff incurred these additional damages is wholly unsupported. There are no details provided about how this amount was calculated. The client affirmation in support of the motion states, in conclusory fashion that "However, upon the Landlord's receipt of the subsequent October 14, 2020 DOB violations, it became apparent to Landlord that the Defendant Tenants have caused said damage via their unauthorized construction and alteration of the Premises on the inside, as clearly set forth hereinabove. Said damages to the Premises have caused the Landlord to expend additional costs, amounting to over $150,000.00, associated with repairs to the Premises" (NYSCEF Doc. No. 31, ¶ 23). As best this

**654540/2022  1284 PLAZA, LLC vs. EDRI, AVRAHAM R. ET AL**
**Motion No.  002**

**Page 3 of 4**

Court can tell, plaintiff is alleging that it incurred over $150,000 for repairs to the premises. But no documents, such as invoices or bills, were included in this motion.

Put another way, the Court cannot grant damages based on allegations that were not included in the complaint nor supported with sufficient evidence.

The Court also grants the portion of plaintiff's motion that seeks to dismiss defendants' counterclaims and affirmative defenses.

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted without opposition to the extent that the Clerk shall enter a judgment in favor of plaintiff and against defendants AVRAHAM R. EDRI, CAROLINE RACHEL EDRI GAST, MOSHE COHEN and MICHAEL EVRONI jointly and severally in the amount of $161,727.65 plus interest at the statutory rate of nine percent from December 17, 2020 along with costs and disbursements upon presentation of proper papers therefor; and it is further

ORDERED that the claims against defendant SEMEN BABADZHANOV are severed and dismissed for failure to serve this defendant; and it is further

ORDERED that the remaining branches of plaintiff's motion are denied as described above.

| **10/21/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654540/2022   1284 PLAZA, LLC vs. EDRI, AVRAHAM R. ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]